IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAROLYN J. LOWRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-812-HE |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Carolyn Lowry seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should order reversal and remand.

I.    BACKGROUND

Ms. Lowry applied for insurance benefits based on an alleged disability. Administrative Record at pp. 51-53 (certified Aug. 30, 2007) ("Rec."). The SSA denied the application initially and on reconsideration. *Id*. at pp. 22-23. Following a hearing,[1] the

---

[1]    *See* Rec. at pp. 365-97.

administrative law judge concluded that the Plaintiff was not disabled as of December 31, 2005.[2]  The Appeals Council declined jurisdiction[3] and the present action followed.

## II.     STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard.  *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  This determination is possible only when the SSA's findings are sufficient for meaningful judicial review.  *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (stating that without findings "supported by specific weighing of the evidence," the court could not "assess whether relevant evidence adequately support[ed]" the administrative law judge's ultimate conclusion).

## III.    CREDIBILITY ANALYSIS

As alleged by the Plaintiff, the credibility analysis was deficient.[4]

### A.     Ms. Lowry's Subjective Complaints

Ms. Lowry alleged:

---

[2]     Rec. at pp. 13-18.  The administrative law judge stated that the Plaintiff had "last met the disability insured status requirement of the Act on December 31, 2005."  *Id.* at p. 13.  From this statement, the judge concluded that the Plaintiff would qualify for benefits only if she had suffered a disability "on or before May 31, 2005."  *Id.*  The judge did not explain why he regarded the dispositive date as May 31, 2005.  Elsewhere, he treated the operative date as December 31, 2005. *Id.* at pp. 17-18.

[3]     Rec. at pp. 5-7.

[4]     Ms. Lowry also urged other legal errors in the decision.  But the Court need not consider these arguments in light of the need for reversal on the grounds discussed in the text.

- pain in her back, feet, elbows, hands, knees, and calves,[5]

- inability to sleep because of the pain,[6]

- difficulty in grasping small objects,[7]

- daily muscle spasms in her back,[8]

- tendonitis in both elbows, which was aggravated by lifting,[9]

- inability to sit and stand for more than 45 minutes at a time,[10]

- inability to walk for more than 30-45 minutes,[11]

- inability to lift more than eight pounds,[12]

- inability to bend without pain,[13]

- inability to squat,[14] and

---

[5]     Rec. at pp. 75, 77-78, 81-82, 89, 93, 106, 372-78, 381-82.

[6]     Rec. at pp. 75, 382.

[7]     Rec. at p. 376.

[8]     Rec. at p. 378.

[9]     Rec. at pp. 81, 373, 377.

[10]    Rec. at pp. 94, 380.

[11]    Rec. at p. 381.

[12]    Rec. at p. 381.

[13]    Rec. at pp. 82, 381.

[14]    Rec. at p. 381.

- pain requiring rest twice daily for up to 45 minutes at a time.[15]

B.    Duty to Evaluate the Plaintiff's Credibility

Based on these allegations, the administrative law judge had to consider the evidence and decide whether he believed the Plaintiff's characterization of the pain.[16]   In doing so, the judge was obligated to consider the:

- levels of Ms. Lowry's medications and their effectiveness,

- extent of the Plaintiff's attempts to obtain relief,

- frequency of her medical contacts,

- nature of Ms. Lowry's daily activities,

- subjective measures of credibility that were peculiarly within the judgment of the administrative law judge, and

- consistency of nonmedical testimony with the objective medical evidence.[17]

After considering these factors, the judge was to "give specific reasons for the weight given to the individual's statements."[18]   These reasons were to be "articulated in the

---

[15]    Rec. at p. 383.

[16]    *See Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987); Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI:  Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, Westlaw op. at 1-2 (July 2, 1996).

[17]    *See Branum v. Barnhart*, 385 F.3d 1268, 1273-74 (10th Cir. 2004); Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI:  Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186 (July 2, 1996).

[18]    Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI:  Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996).

4

determination or decision" and "be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight" given "to the individual's statements and the reasons for that weight."[19]

The administrative law judge did not satisfy these legal requirements.

C.    The Administrative Law Judge's Analysis

In the decision, the judge recited the standard for evaluation of credibility and acknowledged some of Ms. Lowry's complaints to doctors about pain in her foot, neck, back, and hip.  Rec. at pp. 13-15.   The judge concluded:  "After careful consideration of the claimant's testimony in light of the foregoing medical evidence and the other evidence in the hearing record, the undersigned concludes that the claimant's testimony and statements of the disabling nature of her health impairments on or before December 31, 2005, are not credible."  *Id*. at p. 15.[20]  The sole explanation was a reference to the absence of a "listed" impairment.  *Id*.  This explanation was insufficient.

---

[19]    Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI:  Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996).

[20]    When Ms. Lowry testified, she was no longer insured for purposes of benefits.  *See* Rec. at p. 365; *supra* note 2.  But as discussed in the text, the judge did not suggest that he was discounting Ms. Lowry's testimony based on expiration of her insured status at the time of the complaints.  *See supra* text accompanying note.  Instead, at the hearing, the judge acknowledged expiration of the insured period and stated: "I will say that the claimant was last insured on December 31, 2005 and that's not a problem in a case like this.  That's just very recent, of course, and nothing to be concerned about . . . ."  Rec. at p. 367.

D.    The Administrative Law Judge Erred in the Credibility Analysis

The threshold defect was the administrative law judge's failure to discuss multiple complaints by the Plaintiff. For example, the judge did not discuss the Plaintiff's statements concerning:

- inability to breathe or sleep because of the pain,[21]

- pain in the elbows, hands, knees, and calves,[22]

- difficulty grasping objects,[23] and

- limitations in sitting, standing, walking, lifting, bending, and squatting.[24]

*See* Rec. at pp. 13-18; *see also supra* pp. 2-4. The administrative law judge presumably felt that these conditions would not have prevented some light work. *See* Rec. at pp. 15-17. But the judge did not say how he had arrived at this conclusion.

The judge did say that Ms. Lowry had not met or equaled a listing. *Id.* at p. 15; *see supra* p. 5. But the applicability of a listing and Ms. Lowry's credibility were distinct inquiries.

The Defendant states that the administrative law judge had discounted Ms. Lowry's subjective complaints based on successful surgery and conservative treatment with supports and orthotics. For support, the Defendant cites page 15 of the record. There the judge

---

[21]    *See* Rec. at pp. 75, 89, 382.

[22]    *See* Rec. at pp. 78, 81, 93, 373-78.

[23]    *See* Rec. at pp. 376-77.

[24]    *See* Rec. at pp. 77-79, 82, 93-94, 380-81.

6

referred to surgical procedures in 2000 and stated that they had "successfully address[ed]" Ms. Lowry's "plantar fascitis and heel spur syndrome." Rec. at p. 15. Similarly, the judge said that Ms. Lowry's "chronic pain ha[d] been responsive to epidural injections and other conservative treatments." *Id.* But the judge never said that he was discounting Ms. Lowry's subjective complaints based on the 2000 surgeries, the epidural injections, or other "conservative" treatments.[25]

The lack of explanation is especially problematic because the Plaintiff had attributed specific functional limitations to her pain. For example, she complained about:

- "sharp pain" from bending,"[26]

- "grinding" knee pain upon squatting,[27]

- difficulty grasping small objects,[28]

- an inability to sit, stand, or walk for more than 45 minutes,[29]

---

[25]   Later in the decision, the administrative law judge again referred to the 2000 surgical procedures and conservative treatment. Rec. at p. 17. This time, however, the judge acknowledged that Ms. Lowry had continued to suffer from "chronic back pain" and "chronic neck and upper extremity pain" as late as August 25, 2006. Rec. at p. 17.

[26]   Rec. at pp. 81-82, 374, 381; *see supra* pp. 2-4.

[27]   Rec. at p. 375; *see supra* pp. 2-4.

[28]   Rec. at pp. 376-77; *see supra* pp. 2-4.

[29]   Rec. at pp. 372, 374, 380; *see supra* pp. 2-4.

- an inability to lift more than eight pounds,[30] and

- a need to lie down twice a day, for up to 45 each time, to relieve the pain.[31]

The administrative law judge found an ability to occasionally lift up to 20 pounds, frequently lift up to 10 pounds, sit for 6 hours in an 8-hour workday, stand for 2 hours in an 8-hour workday, occasionally change posture, and perform manipulative functions without limitation. *Id.* at pp. 15-16. These findings conflicted with the Plaintiff's reported need to lie down twice per day to relieve the pain[32] and limitations in lifting, standing, sitting, bending, and grasping. *See supra* pp. 2-4, 7-8.

The judge presumably did not adopt the Plaintiff's statements concerning her functional limitations. But the judge did not state why he had rejected these complaints by Ms. Lowry. As a result, the Court cannot ascertain the weight that the administrative law judge had given to the Plaintiff's complaints or the reasons for disbelieving the alleged functional limitations.[33]

---

[30]   Rec. at p. 381; *see supra* pp. 2-4.

[31]   Rec. at p. 383; *see supra* pp. 2-4.

[32]   The vocational expert testified that the need to lie down to relieve pain for 45 minutes, twice a day, would eliminate all work possibilities. Rec. at p. 396. The judge did not comment on this portion of the testimony. *See id.* at pp. 16-17.

[33]   *See McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002) (holding that the administrative law judge had erred through the failure to "explain and support with substantial evidence which of [the claimant's] testimony he did not believe and why"); *see also Pryce-Dawes v. Barnhart*, 166 Fed. Appx. 348, 349-50 (10th Cir. Feb. 2, 2006) (unpublished op.) (holding that the credibility analysis was deficient because the "[administrative law judge had] not specif[ied] [the] allegations he believed to be exaggerated" and the conflict between the claimant's description and the medical evidence was "not obvious"); *accord Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) ("The [administrative law judge] must specify what testimony is not credible . . . .").

Similar circumstances arose in *Diggdon v. Apfel*, 189 F.3d 477, 1999 WL 617702 (10th Cir. Aug. 16, 1999) (unpublished op.).  There the claimant testified that she could lift only 5 pounds, walk only 30 minutes at a time, stand only 20 to 30 minutes at a time, and sit only 30 to 45 minutes at a time and only 1½ to 2 hours per work-day.  *See Diggdon v. Apfel*, 1999 WL 617702, Westlaw op. at 3.  But the administrative law found that the claimant could lift up to 20 pounds at a time as long as she could change her positions at will.  *See id.*, 1999 WL 617702, Westlaw op. at 1.  The judge added that this assessment was consistent with the medical evidence and the claimant's daily activities. *See id.*, 1999 WL 617702, Westlaw op. at 3.  The Tenth Circuit Court of Appeals held that the administrative law judge had erred through the failure to explain the credibility assessment.  *Id*.  The court explained that the judge had implicitly rejected the claimant's statements about her functional abilities, but did not say why:

> Because the [administrative law judge] found claimant capable of doing light work, . . ., he implicitly rejected [the claimant's] testimony.  If the [administrative law judge] did not believe claimant's testimony about the extent of her limitations, he failed to articulate such conclusion, as he is required to do.  The [administrative law judge] is obligated to explain the specific evidence which led him to conclude claimant's subjective complaints were not credible.

*Id*. (footnote & citations omitted).

*Diggdon v. Apfel* is persuasive in light of the similarity in facts.  *See* Tenth Cir. R. 36.3(B).  Like the claimant there, Ms. Lowry testified that her exertional abilities were less

than those assessed by the administrative law judge. As the Defendant suggests, the administrative law judge arguably could have declined to find a disability from the subjective allegations alone. *See supra* pp. 6-7. But the judge could not simply ignore the complaints and adopt a contrary assessment of functional abilities without any explanation.

The judge implicitly rejected Ms. Lowry's description of her pain and related functional abilities, but he did not acknowledge many of the complaints or say why he was discounting them. The administrative law judge's credibility findings bear the same deficiencies stated in *Diggdon v. Apfel*, and reversal and remand are necessary.

## IV.    NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is March 13, 2008. *See* W.D. Okla. LCvR 72.1. The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## V.    STATUS OF THE REFERRAL

The referral is terminated.

Entered this 22nd day of February, 2008.


Robert E. Bacharach
United States Magistrate Judge